IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: | ) | **MEMORANDUM** |
| BARBARA BRUNDO | ) | **AND ORDER** |
| | ) | |
| | ) | |

This matter is before the court on its own motion.  The Clerk of the court has advised the court that Barbara Brundo requested transcripts in more than a dozen closed cases in this court, dating from the years 2001 through 2007.[1]  Ms. Brundo was the Plaintiff in each of these matters.

Reporter Rogene Schroder, a court employee, transcribed the proceedings in each of these matters fully, pursuant to Plaintiff's requests.  However, Ms. Brundo has repeatedly contacted Ms. Schroder to request transcripts of some proceedings that she claims have not been transcribed.  After a thorough search by the Clerk of the court, the court is aware of no other proceedings which occurred in any of Ms. Brundo's cases which have not been fully transcribed and provided to her.  If Ms. Brundo disagrees, she should file the appropriate motion with the court, detailing the case number, the date and nature of the proceeding which she believes was not transcribed, and the reason that she believes a transcript exists.  In the absence of such a motion, the Clerk of the court, and Reporter Rogene Schroder, will no longer respond to Ms. Brundo's requests.

---

[1]Ms. Brundo's cases are: 4:01CV320, 4:01CV542, 4:01CV543, 4:01CV544, 4:01CV585, 8:01CV502, 8:01CV505, 8:01CV517, 8:01CV586, 8:01CV587, 8:01CV588, 8:01CV622, 8:02CV214, 8:02CV216, 8:02CV299, and 8:04cv209. This Memorandum and Order applies to all of these closed cases.

Additionally, after transcripts were provided, Ms. Brundo filed a "Notice of Intent to Request Redaction" in response to virtually every transcript. As set forth in Federal Rule of Civil Procedure 5.2, a party may only redact information with respect to "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a); *see also* NECivR 5.3. Parties seeking the redaction of other information must seek permission from the court to do so. *Id.*

Ms. Brundo has not requested the redaction of personal identifiers. Rather, as Ms. Brundo's filings state, she intends to file a "correction sheet that will be notarized as is the case following a deposition." (*See, e.g,* Filing No. 52 in Case No. 4:01CV543.) However, Ms. Brundo is reminded that, even as a pro se litigant, she must comply with the Federal Rules of Civil Procedure and with the Local Rules of this court. *See* NEGenR 1.3(g). Therefore, no "corrections" to the transcripts of court proceedings will be permitted. Ms. Brundo is instructed that she must comply with Federal Rule of Civil Procedure 5.2 and NECivR 5.3 and that the only permissible mandatory redactions relate to minors' names, financial account numbers, social security numbers, taxpayer identification numbers, and dates of birth. *Id.* In the event that Ms. Brundo seeks either the mandatory redaction of the information listed above, or redaction of "discretionary" information as set forth in NECivR 5.3(b), she shall file the appropriate motion with the court no later than 60 days from the date of this order. However, Ms. Brundo is admonished that a request to supplement or otherwise "fill in the blanks" of a transcript will be denied.[2]

IT IS THEREFORE ORDERED that:

---

[2]Ms. Brundo is specifically admonished that parties are not permitted to supply the court with after-the-fact or replacement testimony where the transcript shows "indecipherable," "unintelligible," or "inaudible."

1.     After a thorough search by the Clerk of the court, the court is aware of no other proceedings which occurred in any of Ms. Brundo's cases which have not been fully transcribed and provided to her.

2.     In the event that Ms. Brundo believes another transcript exists, she should file the appropriate motion with the court, detailing the case number, the date and nature of the proceeding which she believes was not transcribed, and the reason that she believes a transcript exists.  In the absence of such a motion, the Clerk of the court, and Reporter Rogene Schroder, will no longer respond to Ms. Brundo's requests.

3.     In the event that Ms. Brundo seeks either the mandatory redaction of the information set forth in NECivR 5.3(a) or the discretionary redaction of the information set forth in NECivR 5.3(b), she shall file the appropriate motion with the court no later than April 28, 2008.  Only motions filed seeking redactions in accordance with NECivR 5.3 will be considered.

4.     Ms. Brundo is reminded that she must comply with the Federal Rules of Civil Procedure and with the Local Rules of this court.  *See* NEGenR 1.3(g).

5.     The Clerk of the court is directed to file this order in each case listed in footnote number one of this Memorandum and Order.  However, only one copy of this Memorandum and Order should be sent to Barbara Brundo at her last known address.

March 3, 2008.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge
                                  Supervising Pro Se Judge

3